U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 14 2020

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARREN GUNNELS, | § | |
| Plaintiff, | § | |
| v. | § | 2:17-CV-192-Z |
| DONLEY COUNTY, | § | |
| Defendant. | § | |

# MEMORANDUM OPINION
# DISMISSING COMPLAINT

Plaintiff, acting pro se, has filed suit pursuant under the Federal Tort Claims Act ("FTCA") against Defendant. Plaintiff submitted a Claim for Damage, Injury or Death (Standard Form 95), alleging an ongoing injury from a fall while he was incarcerated at a state-operated county jail located in Texas. For the following reasons, Plaintiff's Complaint is DISMISSED.

## BACKGROUND

Plaintiff claims he suffered a fall that damaged his shoulder while housed in the Donley County Jail, which is located in the territorial jurisdiction of this Court. Plaintiff alleges that water from overflowing toilets or broken plumbing was responsible for his fall and that the injuries he suffered require surgery. Plaintiff claims he is unable to have surgery because he lacks health insurance. The medical records submitted as attachments to Plaintiff's claim indicate that Plaintiff was seen by medical personnel immediately following his accident but did not pursue further treatment for his shoulder injury for several months. It is unclear whether Plaintiff remained incarcerated during this time or whether he did not pursue treatment while in the free world. His suit solely seeks damages under the FTCA. He makes no allegations that he was a federal prisoner

being housed in the county jail facility where he was housed. Plaintiff also makes no allegation that Donley County is a federal entity.

**LEGAL STANDARDS**

In cases where a non-prisoner *pro se* litigant brings suit, a court is authorized to conduct limited screening to confirm that subject matter jurisdiction exists. *See Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (federal courts have a duty to evaluate their own jurisdiction, *sua sponte* if necessary); *see also United States v. Hays*, 515 U.S. 737 (1995). Gunnels was not a prisoner at the time he filed suit or presently, despite temporarily being in custody during the pendency of this case. *Sua sponte* dismissal is appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Dilworth v. Dallas Cnty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996). A complaint that presents no substantial federal question necessarily states no federal claim and can be dismissed with prejudice to avoid burdening the court system with a future suit that should not be brought anywhere.

**ANALYSIS**

As a jurisdiction prerequisite, the FTCA bars a claimant from bringing suit in federal court unless he filed an administrative claim with the appropriate *federal* agency and either obtained a written denial or waited six months with no response. *See* 28 U.S.C. § 2675(a); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). The Supreme Court of the United States has held that failure to completely exhaust administrative remedies prior to filing a claim under the FTCA is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed. *McNeil v. United States*, 508 U.S. 106, 112 (1993). The United States Court of Appeals for the Fifth Circuit has also held that exhaustion of administrative remedies is jurisdictional and that the requirement cannot be waived. *Price*, 69 F.3d at 54.

Here, Plaintiff filed suit on September 26, 2017, complaining of an injury that occurred in March of 2016. However, Plaintiff does not allege or provide any documentation showing that the administrative claim had been finally denied prior to the filing date of this suit. Further, Plaintiff provided no information about which federal agency he alleges is responsible for the actions of Donley County, such that the FTCA would even apply to his claims. The Court will not interpret his claims as an attempt to seek redress under 42 U.S.C. § 1983 absent allegations against specific individuals who acted with deliberate indifference to deny Plaintiff medical care while he was incarcerated.

**ORDER**

It is ORDERED that the FTCA claim by Plaintiff be DISMISSED. Plaintiff has failed to invoke the Court's jurisdiction over these claims.

**SO ORDERED.**

February 14, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE